# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                    Plaintiff,<br>vs.<br>DONALD E. LOPEZ,<br>                    Defendant. | CASE NO. 12cr4033-LAB-1<br><br>**ORDER DENYING MOTION TO TERMINATE SUPERVISED RELEASE**<br><br>**[Dkt. No. 40]** |

On February 4, 2013, this Court sentenced Defendant Donald E. Lopez to 57 months of imprisonment and three years of supervised release after he pled guilty to tax evasion in violation of 26 U.S.C. § 7201. Dkt. No. 37. Lopez has now filed a motion to terminate supervised release after completing just one year of supervision.

A district court has broad discretion to terminate a term of supervised release and discharge a defendant "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *see also United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). "Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *United States v. Miller*, 205

F.3d 1098, 1101 (9th Cir. 2000) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2nd Cir.1997)). It is the defendant's burden to establish that he is entitled to early termination of supervised release. *United States v. Weber*, 451 F.3d 552, 559 fn.9 (9th Cir. 2006).

Lopez claims that because he has successfully completed one year of supervision, his good behavior warrants early termination of supervised release. Dkt. No. 40. But compliance with release conditions is what is expected and does not of itself constitute changed circumstances justifying early termination. *See United States v. Bauer*, No. 5:09-cr-980, 2012 WL1259251, at *2 (N.D. Cal. Apr. 13, 2012) ("While the court does not wish to minimize Defendant's laudable post-incarceration accomplishments, it is nonetheless apparent that the reasons cited by Defendant-compliance with release conditions, resumption of employment and engagement of family life-are expected milestones rather than a change of circumstances rendering continued supervision no longer appropriate."); *United States v. Grossi*, No. 04-40127, 2011 WL 704364, at *2 (N.D. Cal. Feb. 18, 2011) ("Mere compliance with the terms of supervised release is what is expected, and without more, is insufficient to justify early termination."); *see also United States v. Weintraub*, 371 F.Supp.2d 164, 167 (D. Conn. 2005) ("Although Weintraub's ongoing and full compliance with all conditions of supervised release, including payment of the fine and restitution, is commendable, in the end that is what is required of all criminal defendants and is not a basis for early termination of his supervised release."). After consideration of the statutory factors, the Court finds that termination of Lopez's supervised release is premature and that the previously imposed period of supervision remains appropriate given the serious nature of his underlying offense. Although Lopez has complied with the terms of his supervised release so far, he has not shown any changed circumstances that render the Court's conditions of release too harsh or inappropriate to serve the general goals of § 3553(a). Nor has he demonstrated any good

//
//
//

reason for the Court to disregard the important interest in finality of judgment. In short, Lopez has not demonstrated that early termination of supervised release is justified. His Motion is **DENIED.**

**IT IS SO ORDERED**.
Dated: November 7, 2019

**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge